Mary E. Ashby, Claimant, *v.* State of New York. No. 14923.

(State of New York, Court of Claims, April, 1918.)

Trespass — damages — when claim dismissed — evidence — National Guard of State of New York.

> At various times during the summer of 1916 groups of soldiers from Camp Whitman invaded the adjoining premises of claimant, destroyed over sixteen hundred feet of fences, removed the material to camp and used it as fuel for camp fires and the incineration of refuse; they also cut down twenty-two trees, using the same for camp structures, and removed a large picnic table from a grove and utilized it at the camp. They pastured their horses on claimant's fields and passed over and drilled upon them causing substantial change.   During the progress of such depredations claimant complained to the colonel in command who promised to prevent a recurrence of the offenses and did so by placing a military guard at claimant's farm. *Held,* that in the absence of proof that the trespasses were committed at the command of the superior officer, or of any officer or soldier charged with any duty, embracing work or activities of the general character or nature of those involved in the present claim, or that they were done, even ostensibly, in behalf of the state, the claim will be dismissed.

Claim for damages for trespassing upon the premises of claimant by various National Guard units, part of the military forces of the state, while encamped at Camp Whitman, Dutchess county.

Misc.]    State of New York, Court of Claims, April, 1918.

Charles A. Hopkins, for claimant.

Edward A. Brown, deputy attorney-general, for state.

CUNNINGHAM, J.  In the summer of 1916, various National Guard units, part of the military forces of this state, were encamped at Camp Whitman in Dutchess county.  The claimant was the owner of a farm in the town of East Fishkill, in that county, adjoining the camp.  At various times during that period, groups of soldiers from the camp, the rank and the identity of whom remain undisclosed, invaded the premises of the claimant.  They destroyed over 1,600 feet of fences and removed the material to the camp, and used it as fuel for camp fires and the incineration of refuse.  They cut down twenty-two trees and used them for camp structures.  Likewise, they removed a large picnic table from a grove of the claimant and utilized it at the camp.  They pastured their horses upon the claimant's fields and passed over and drilled upon them, causing substantial damage.  During the progress of these depredations, the claimant complained to the colonel in command.  The latter promised to prevent a recurrence of these offenses, and finally did so effectually, by placing a military guard at the claimant's farm.  This claim is premised upon the theory that the state is legally responsible for the damages resulting from these incursions of its soldiers upon the claimant's property.

Were we to assume that the acts constituting the gravamen of this claim were perpetrated at the command, or under the direction, of a superior officer, charged with the duty of directing the conduct and activities of these soldiers, and of providing materials for the camp, similar to those taken from the claimant's premises, and of directing the selection of pas-

State of New York, Court of Claims, April, 1918.    [Vol. 103.

turage for the horses, and drilling sites for the men, nevertheless the state would not be liable for the loss which these acts have imposed upon the claimant. They constituted trespasses on the claimant's premises and a taking of her property. Even assuming that the state had the benefit of these acts, and the use of the property taken, and that the soldiers responsible were acting in the exercise of good faith, and ostensibly for a public purpose, yet the claimant's property was taken without due process of law and without any legal provisions for just compensation. Such conduct was neither the exercise of the police power of the state, nor of the right of eminent domain. Therefore, it was a defiance of the constitutional safeguards of private property, being contrary to the supreme law of the state. They were but the mere wrongs and trespasses of individuals who mistakenly assumed to act in its name. Acts such as these the state neither could do nor authorize to be done by any representative, whatever his rank, authority or sphere of duty. At best they could be nothing more than the unlawful usurpations of the individuals effecting them, and could have no potency to render the state liable for the damages resultant from them. *Litchfield* v. *Bond,* 186 N. Y. 66.

But it has not been established that these trespasses were committed at the command of a superior officer, or of any officer or soldier charged with any duty, embracing work or activities of the general character or nature of those involved in this claim, or that they were done, even ostensibly, in behalf of the state. It does not appear that any duty or function was imposed upon these soldiers which ostensibly they were fulfilling by the acts complained of. So far as the evidence discloses, they may have been serving their own conveniences and purposes. In fact, the attitude and action of their commanding officer indicates that they

were acting, not in the actual or avowed performance of any duty imposed upon them, but in disobedience thereof. Under the principle enunciated in the case of *Litchfield* v. *Bond, supra,* the state would not be liable for these trespasses, even had they been committed by officers or soldiers charged with the performance of duties which apparently and in good faith they were attempting to execute thereby. Much less could liability be based on the facts disclosed on this trial. No proof has been made which, even as among individuals and quite aside from the principle of the case of *Litchfield* v. *Bond,* would create the relationship of principal and representative, or bring into play the doctrine of *respondeat superior.* For that cause, as well as for the reason discussed in the case of *Litchfield* v. *Bond,* the motion made by the state at the trial for the dismissal of the claim, decision upon which was reserved, is granted with an exception to the claimant.

Ackerson, P. J., concurs.

Claim dismissed.